UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| ROBERT REED, | ) | Civ. 12-4086-KES |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING PETITION FOR |
| | ) | WRIT OF HABEAS CORPUS |
| ROBERT DOOLEY, and | ) | |
| MARTY JACKLEY, | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner, Robert Reed, filed a pro se petition for relief under 28 U.S.C.
§ 2254 on May 3, 2012. Docket 1. The court referred the petition to United
States Magistrate Judge John E. Simko pursuant to 28 U.S.C. § 636(b)(1)(B)
for the purposes of conducting any necessary hearings and issuing a report
and recommendation for the disposition of Reed's § 2254 petition. On June 23,
2014, after affording Reed the opportunity to amend his petition to exclude
unexhausted claims (Docket 12), Magistrate Judge Simko issued a report and
recommendation for the disposition of Reed's § 2254 petition, as well as his
motion for evidentiary hearing (Docket 20). Docket 22. Reed filed timely
objections to the report and recommendation on July 21, 2014. Docket 25. For
the reasons set forth herein, the court adopts Magistrate Judge Simko's report
and recommendation in its entirety.

## DISCUSSION

The court's review of a magistrate judge's report and recommendation is governed by 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure. Pursuant to 28 U.S.C. § 636(b)(1), the court reviews de novo any objections that are timely made and specific. *See* Fed. R. Civ. P. 72(b) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to.").

In the instant case, Magistrate Judge Simko reviewed Reed's nine ineffective assistance claims and found that Reed not only failed to establish that counsel's alleged deficient performance was prejudicial, but that Reed did not demonstrate that the state court unreasonably applied clearly established federal law when it determined that Reed's trial counsel was not ineffective. Docket 22 at 8–20. Reed objects to Magistrate Judge Simko's findings and asserts that Magistrate Judge Simko made the following errors in his analysis: (1) failed to consider inconsistencies in the testimony given by RG and AD; (2) failed to apply the rule of lenity; (3) failed to recognize the fact that the South Dakota Supreme Court determined that Reed's trial counsel was ineffective; (4) failed to recognize violations of Reed's federal constitutional rights; (5) failed to rule in Reed's favor on his claim of actual innocence; and (6) failed to recognize the ineffective assistance of Reed's trial counsel. Docket 25. The court has reviewed de novo the issues raised by Reed's objections.

With regard to Reed's first objection, the court has reviewed the summary of RG's interview with Child's Voice, as well as the supplementary report of Officer Webb following his interview with AD. Defense Ex. 103. The court has also reviewed RG's trial testimony. Although there are certainly inconsistencies with regard to how RG and AD ended up in Reed's room on the date of the incident in question and where AD was located during Reed's sexual contact with RG, AD did not refute that sexual contact took place between RG and Reed. *Id.* AD noted that, although she did not see anything happen, she did see Reed with an arm around RG as if he was holding her down. *Id.* at 10. Significantly, RG's account of the incident in question has remained consistent—she recounted the same incident of sexual contact to her mother on the date of the incident, to Colleen Brazil on the date of her interview with Child's Voice, and in court during Reed's trial. *Id.* Moreover, Reed admitted that sexual touching occurred between himself and RG. Therefore, whether Reed ejaculated during the incident is irrelevant, and the magistrate judge did not err in his alleged failure to consider inconsistencies related to that element of AD and RG's stories. The court therefore denies Reed's first objection to Magistrate Judge Simko's report and recommendation.

Reed also objects to the magistrate judge's failure to apply the rule of lenity in its consideration of RG's and AD's recollection of events. The court notes, however, that the rule of lenity applies to the interpretation of

3

ambiguous criminal statutes, not to allegedly ambiguous testimony. *See United States v. Santos*, 553 U.S. 507, 514 (2008) ("The rule of lenity requires ambiguous criminal laws to be interpreted in favor of the defendants subjected to them."). The court therefore denies Reed's second objection to Magistrate Judge Simko's report and recommendation.

In his third objection, Reed argues that the magistrate judge overlooked "the fact that the S.D. Supreme Court did in fact determine his Trial Counsel was ineffective, when his trial Counsel failed to file a Direct Appeal in his orginal [sic] Trial." Docket 25 at 1. Magistrate Judge Simko, however, did not overlook this fact. Magistrate Judge Simko noted that the state court granted Reed habeas relief on the grounds that Reed's trial counsel did not adequately advise Reed of his right to appeal his judgment. Docket 22 at 4. The magistrate judge went on to note that "the state habeas court did not reach or rule upon the other grounds raised in Reed's Second Amended state habeas Petition." *Id.* After his judgment and sentence were vacated, Reed was resentenced. *Id.* He then appealed his conviction, which the South Dakota Supreme Court summarily affirmed. *Id.* at 5. "Thereafter, Reed returned to state court for a determination of the remaining issues raised in his state habeas Petition." *Id.* After holding an evidentiary hearing, Judge William Srstka denied Reed's state habeas petition in its entirety. The magistrate judge, therefore, did not overlook the fact that Reed's trial counsel was found ineffective for his failure to

4

adequately advise Reed of his right to appeal. A determination that trial counsel was ineffective in one regard does not establish that trial counsel was ineffective in all other regards. The court therefore denies Reed's third objection to Magistrate Judge Simko's report and recommendation.

With regard to Reed's fourth objection, the court finds that beyond the mere assertion that the magistrate judge failed to recognize constitutional violations, Reed has not provided the court with any evidence of the alleged constitutional violations. The court comes to the same conclusion with regard to Reed's ninth objection wherein Reed merely reasserts arguments presented in his state habeas petition and the instant § 2254 petition without providing additional evidence to refute the magistrate judge's findings. The court therefore denies Reed's broad and unsubstantiated objections to Magistrate Judge Simko's report and recommendation.

Finally, with regard to Reed's remaining objections, all of which relate to the notion that he is actually innocent of the crime for which he was convicted, the court finds that such objections constitute an untimely claim for habeas relief. It is well established that a claimant may not " 'make arguments in his objections to a magistrate judge's report and recommendation when those arguments have been neither argued to the magistrate judge nor addressed in the judge's report adopted by the district court.' " *Hylla v. Transp. Commc'ns Int'l Union*, 536 F.3d 911, 921 (8th Cir. 2008) (quoting *Roberts v. Apfel*, 222

5

F.3d 466, 470 (8th Cir. 2000)). "A contrary rule 'would allow a claimant to raise new claims to the district court and thus effectively have two opportunities for judicial review.' " *Id.* at 922 (quoting *Roberts*, 222 F.3d at 470). Accordingly, the court declines to address those portions of Reed's objections that relate to actual innocence, as those objections do not specifically refer to the magistrate judge's report and recommendation but instead constitute a new claim for habeas relief.[1]

As the magistrate judge noted, federal courts are constrained by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) in their review of state court decisions. More specifically, federal courts are only permitted to exercise a "limited and deferential review of underlying state court decisions." *Osborne v. Purkett*, 411 F.3d 911, 914 (8th Cir. 2005). A federal court may not grant a writ of habeas corpus unless the state court's adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of,

---

[1] Even if Reed's objections based on actual innocence did not constitute a new claim for habeas relief, the court would deny Reed's objection based on his failure to provide evidence to substantiate his claim of actual innocence. Reed's only argument in support of his actual innocence is the assertion that his erectile dysfunction would have "prevented him from producing a 'gooy' [sic] feeling." As noted in his hearing before the state habeas court, however, the presence of an erection was not a required element of the offense for which Reed was convicted. With or without an erection, the jury had sufficient evidence to find Reed guilty of sexual contact with a child.

6

clearly established Federal law."[2] 28 U.S.C. § 2254(d)(1). Here, Reed has not demonstrated through his objections that the state court's decision "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law," 28 U.S.C. § 2254(d)(1). The court therefore adopts Magistrate Judge Simko's report and recommendation and denies Reed's § 2254 petition. Accordingly, it is

ORDERED that the report and recommendation of Magistrate Judge Simko (Docket 22) is adopted in its entirety. The court therefore denies Reed's objections to Magistrate Judge Simko's report and recommendation (Docket 25) and denies Reed's § 2254 application for relief (Docket 1). Additionally, the court denies Reed's motion for an evidentiary hearing (Docket 20).

IT IS FURTHER ORDERED that no Certificate of Appealability be issued.

Dated August 21, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

---

[2] A state court decision is "contrary to" clearly established federal law if it "applies a rule that contradicts the governing law set forth in Supreme Court cases or if it confronts a set of facts that are materially indistinguishable from a decision of the Court and nevertheless arrives at a result different from the Court's precedent." *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). Notably, a federal habeas court may not issue a writ of habeas corpus unless it finds that the state court applied the clearly established federal law in an unreasonable manner. *Id.*